OPINION OF THE COURT
Stanley L. Sklar, J.
The issue raised on this application for summary judgment is whether an admitting and attending physician of a hospitalized patient affords treatment to that patient, for Statute of *1078 Limitations purposes, through the date of the patient’s discharge from the hospital. I hold that the doctor must be deemed to have provided medical care through the date of discharge.
Dr. Pechman treated the plaintiff while she was a patient at the White Plains Hospital. She was hospitalized on December 6, 1987. Dr. Pechman served as her admitting physician, first seeing her on December 7. He also had her treated by Drs. Glassman and Spector, but he continued to see her after they started treating her. He last saw plaintiff on December 14, 1987 and he last billed her for a visit on that date.
Plaintiff was discharged from the hospital on December 15, 1987. She was signed out by Dr. Spector. However, Dr. Pechman thereafter dictated a four-page discharge summary. The summary referred to her evaluation by Dr. Glassman of the urological service. It also noted that she was to be followed by Dr. Spector one week after discharge, and that she was to call Dr. Spector or himself "if any problems ensue[d] prior to that time.”
Plaintiff’s counsel secured a copy of the hospital record at the 11th hour. They tolled the Statute of Limitations pursuant to CPLR 203 (b) (5) by delivery of a summons and complaint to a Sheriff on June 15, 1990. Service was effected on Dr. Pechman on August 1, 1990. An answer asserting the defense of the Statute of Limitations was served on August 11, 1990.
DISCUSSION
The Statute of Limitations governing this medical malpractice action, CPLR 214-a, bars actions instituted more than two years and six months after "the act, omission or failure complained of’. If Dr. Pechman’s treatment of plaintiff ended on December 14, 1987, this action is barred as against him by the statute. If treatment ended on the day of discharge, the action may be maintained.
Dr. Pechman was Ms. Favata’s admitting and attending physician. He was her primary physician during her entire hospitalization. Defense counsel urged at oral argument that Dr. Pechman had transferred her care to Dr. Spector during her hospital stay. This argument overlooks the fact that Dr. Pechman’s own affidavit admits affording treatment and care to plaintiff through December 14, 1987, which is after Dr. Spector was brought in to render care in a specialized area of medicine. Moreover, if anything untoward had occurred with *1079 respect to Ms. Favata’s condition on the day of discharge, it is clear that her admitting and attending physician, Dr. Pechman, would still have been in charge of her medical care.
Since Dr. Pechman was still affording care and treatment to plaintiff on December 15, 1987, his application for summary judgment is denied.